## Anspach & Stanton *versus* Heft.

1. Goods were contracted to be delivered before June 30th 1864, they were not delivered by that time, but were afterwards and accepted by the purchaser; the purchaser was liable to the vendor for the additional duty imposed by the Act of Congress of that date on goods delivered under contracts made before.

2. The act refers to actual delivery and does not mean that the delivery is to be in conformity with all the terms of the contract.

3. The extension of time was not an abandonment of the contract, but the delivery was in fulfilment of it.

February 25th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 445, to January Term 1867.

[Anspach *v.* Heft.]

This was an action of assumpsit, brought October 17th 1866, by Jacob D. Heft against William Anspach and M. H. Stanton, trading as Anspach & Stanton, to recover internal revenue duties paid by the plaintiff on goods manufactured and sold by him to the defendants.

By a written contract the plaintiff agreed to deliver to the defendants 50,000 yards of cloth, 46,000 yards of which were to be delivered in and before the month of June 1864; there was a deficiency of delivery in June to the amount of 11,627 yards, which was filled up in July and August, and the goods paid for by the defendants.

The Act of Congress of June 30th 1864, § 97, 2 Bright. U. S. Dig. p. 248, pl. 185, enacts "That every person, firm or corporation, who shall have made any contract prior to the passage of this act, and without other provisions therein, for the payment of duties imposed by law, enacted subsequent thereto, upon articles to be delivered under such contracts, is hereby authorized and empowered to add to the price thereof so much money as will be equivalent to the duty so subsequently imposed on said articles, and not previously paid by vendees, and shall be entitled by virtue hereof, to be paid and to sue, and recover the same accordingly."

The plaintiff paid the tax under this act on the goods delivered after June 30th, and brought suit for the additional taxes. The defendants resisted the payment on all except the 4000 yards which were to be delivered after the 30th of June.

The court (Sharswood, P. J.) charged:—

"So far as this case is concerned, the plaintiff is entitled to recover for the extra duty paid on all articles delivered subsequently to June 30th 1864, and accepted by defendants under the contract of March 1864."

The verdict was for the plaintiff for $371.75, and the defendants took a writ of error, assigning the charge of the court for error.

*T. R. Elcock* and *W. A. Porter*, for plaintiffs in error, referred to the Act of Congress; Bryant *v.* Stilwell, 12 Harris 314; Miller *v.* Phillips, 7 Casey 218; Reybold *v.* Voorhees, 6 Id. 116.

*G. Junkin*, for defendant in error, referred to the Act of Congress.

The opinion of the court was delivered, March 5th 1868, by

STRONG, J.—The instruction given to the jury in the court below was correct. It is impossible to maintain that the goods delivered after June 30th were not delivered under the contract of March 17th 1864. There was no other. True, they were not

[Anspach *v.* Heft.]

delivered at the time required by the contract, but the vendees accepted them, and thereby waived strict compliance with the stipulation as to time.   If it be that time was of the essence of the contract, it was still in the power of the vendees to waive it. It was for their benefit.   The Act of Congress added the tax to the price when the articles were delivered after June 30th under a contract made before that date.   This does not mean that the delivery is to be in conformity with all the terms of the contract. It means rather delivery in fulfilment or discharge of its obligation.   An extension of time is not an abandonment of a contract. When the vendor in this case delivered the goods, he was discharging a duty which he assumed when he entered into the contract of March 17th.   The subject-matter of the contract was the same in August as it was in March.   The vendees had a right to the goods at the price then stipulated.   They might perhaps have refused to receive them when offered after the appointed time of delivery, but having accepted them, it is not in their power to claim that they were not delivered under the contract.   As the case was put to the jury the vendees were held liable for the extra duty paid by the vendor on the articles delivered subsequently to June 30th 1864, and accepted by them under the contract of March 1864.   This was in strict conformity with the Act of Congress.

Judgment affirmed.